UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LORETTA SPENNATO,

                  Plaintiff,                     **AMENDED  COMPLAINT AND**
                                                  **JURY DEMAND**

                                                  **19 Civ 05297 (KPF)**

                  -against-

METROPOLITAN TRANSPORTATION
AUTHORITY CORPORATION

                       Defendant.
----------------------------------------------------------------X

## I.  PRELIMINARY STATEMENT

1.     This is a civil action based upon Defendant's' violations of the New York State Human

Rights Law  NYS Executive Law 296 et. seq. (NYSHRL) and the New York City Human Rights

Law (NYCHRL(  by discriminating against Plaintiff due to her age as set forth below.  This

action seeks declaratory, equitable relief, compensatory damages, costs and attorney fees.

## II.  JURISDICTION AND VENUE

2.     Plaintiff has commenced this action pursuant to the NYSHRL and NYCHRL

3.     This action properly lies in New York County because the Defendant's principal place of

business in New York County and the cause of action in New York County.

## III.  THE PARTIES

4.     Plaintiff (is over 40 years of age) is employed by defendant.    Plaintiff was discriminated

against due to her age.  Plaintiff is a statutory plaintiff in that she has been subjected to

intentional discrimination due to her age as set forth below.  At all times relevant, Plaintiff is an

employee within the meaning of the  NYSHRL and NYCHRL.

5.      Defendant Metropolitan Transit Authority Corporation (hereinafter "defendant or defendant MTA") is the statutory defendant and is an employer as defined by the NYSHRL and NYCHRL  in that it employs more than twenty employees and is within the jurisdiction of this Court.

## IV.  FACTUAL STATEMENT

6.      Plaintiff commenced employment at the defendant MTA January 2011 as Deputy Director HRIS.  This position involves a significant portion of the job responsibilities of Deputy Director, BSCHRIS.  Plaintiff is over forty years old, (born-1959-60 years old)   The discriminatory conduct occurred at 333 West 34th Street, New York, NY  10001.  Plaintiff duly applied and was denied the position to Deputy Director, BSCHRIS and Salary Administration due to her age on or about September 5, 2018 for the reasons set forth below.

7.      At the outset, Plaintiff's qualifications were outstanding.  Unlike the successful candidate, Ms. Irena Pak (early 50s)  Plaintiff's education background and work experience far exceeds the successful candidate and easily made her the best qualified candidate.

8.      However, Plaintiff was denied the position due to her age for the following reasons:

(1) Unlike the successful candidate, the Plaintiff has more than 10 years' experience within the fields of IT, HR, HR technology, and Global environments.

(2) Unlike the successful candidate, the Plaintiff has extensive experience in Benefits, Recruitment, Generalist, HRMS/Senior Business Analyst and the design and implementation of HR Portals/Enterprise Systems, Project Management, Time and Labor, Position Management, Payroll, Supervisory experience, Human Resources, Technical Training, and Information Systems.

(3) Unlike the successful candidate, the Plaintiff participated in multidisciplinary teams, development and implementation of a technical training department, the coordination, design, and development of content for the HR portal, websites, and other systems.

(4) Unlike the successful candidate, the Plaintiff has extensive experience in Shared Services, Consultant, Corporate Trainer, Courseware Development, Talent Management Systems – Recruiting, and HRIS Analysis.

(5) Unlike the successful candidate, the Plaintiff has extensive Supervisory Experience.

(6) Unlike the successful candidate, the Plaintiff has extensive experience in PTF (PeopleSoft Test Framework), Project Management Regulatory Reporting: EEO, PARIS, and Financial Disclosure;

(7) Unlike the successful candidate, the Plaintiff has extensive experience in Project Team Lead in various projects – Payroll, Core HRMS, Benefits, Compensation, Finance, Security, and Document Management System.

(8) Unlike the successful candidate, the Plaintiff has extensive experience in Siebel, Talent Management/Recruiting, and Succession Planning. Spearheading of UAT Testing Experienced with PeopleSoft versions 7.5 up to and including 9.2.

(9)  Unlike the successful candidate, the Plaintiff has extensive experience in the most current PUM updates and the latest tax updates;

(10) Unlike the successful candidate, the Plaintiff has experience with the Sarbanes-Oxley Audit Committee;

(11) Unlike the successful candidate, the Plaintiff has participated in eHR Transformation project to design and implement an HR Portal.

(12)  Unlike the successful candidate, the Plaintiff has comprehensive experience in designing, implementing managing, and enhancing of technical training.

(13) Unlike the successful candidate, the Plaintiff has extensive experience in understanding, interpreting and implementing business requirements for HR portal and Web content.

(14) Unlike the successful candidate, the Plaintiff has extensive experience in the coordination of changes between HR and ISSA for various web applications.

(15)  The Plaintiff has a Master Degree in Human Resources while the successful candidate has a high school diploma.

(16)  Unlike the successful candidate, the Plaintiff has extensive experience as the Deputy Director, BSCHRIS as her current position has significant overlap and when her supervisor was on vacation or out due to illness, she becomes "the Acting the job responsibilities of Deputy Director, BSCHRIS performing all of the job responsibilities of that position.

 (17) The successful candidate is substantially younger and has substantially less experience and educational accomplishments than Plaintiff.

 (18)   Michael Moran who was the decision maker concerning the promotion to made discriminatory comments to Plaintiff such as when Plaintiff inquired as to criteria used promotion, he stated you are already a deputy and here too long.

 (19) The hiring process was sham in that Ms. Pak had already been preselected.

 (20) Other acts of discrimination.

9.      Plaintiff was advised that she did not obtain the position the Deputy Director, BSCHRIS. and that Ms. Pak  obtained the position  on September 5, 2018     The only reason that Plaintiff was not promoted was due to her age.

10.     As a result of the foregoing, the Defendant MTA violated Executive Law § 296 and New York City Administrative Code § 8-502 by discriminating against Plaintiff due to her age in connection with the promotion.

12.     Plaintiff satisfied all condition precedent including filing a notice of claim and having a

### FIRST  CLAIM FOR RELIEF-NYCHRL

13.     Plaintiff repeats and realleges each and every paragraph as if fully set forth at length herein..

14.     This Court has jurisdiction pursuant to New York City Administrative Code § 8-502.

15.     Plaintiff duly filed a notice of claim within 90 days and a statutory hearing was held on October 28, 2018 and the claim remains unadjusted.

16.     By reason of the foregoing, defendant violated New York City Administrative Code § 8-107 by subjecting plaintiff to discrimination based on age, against Plaintiff in connection with her employment including a failure to promote.

17.     As a result of defendant violating the New York City Administrative Code, plaintiff has been damaged and the damage exceeds the minimum jurisdictional threshold of this Court.

### SECOND CLAIM FOR RELIEF-NYSHRL

18.     Plaintiff repeats and realleges each and every paragraph as if fully set forth at length herein..

19.     This Court has jurisdiction pursuant to New York State Executive Law 297.

20.    Plaintiff duly filed a notice of claim within 90 days and a statutory hearing was held on October 28, 2018 and the claim remains unadjusted.

21.    By reason of the foregoing, defendant violated NYSHRL (NYS Executive Law 296) by subjecting plaintiff to discrimination based on age, against Plaintiff in connection with her employment including a failure to promote.

22.    As a result of defendant violating the NYSHRL, plaintiff has been damaged and the damage exceeds the minimum jurisdictional threshold of this Court.

### PLAINTIFF HEREIN DEMANDS A JURY TRIAL

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

1.    That the Court find and declare that she has suffered from acts of age discrimination at the hands of the defendant, its agents, servants and employees and the Court order Plaintiff to be promoted to the position she should have been in but for the discrimination;

2.    That plaintiff be awarded back wages, together with related monetary benefits had she not otherwise been discriminated against;

3.    That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination

4.    That the Court order compensatory damages including pain and suffering due to the psychological harm suffered by Plaintiff;

5.    That defendant pays plaintiff's costs of this suit, together with a reasonable attorney's fee;

6.    Any other relief that is just and equitable;

Dated: New York, New York                                    Respectfully submitted
       July 29, 2019

STEWART LEE KARLIN
LAW GROUP, P.C.


 /s /Stewart Lee Karlin
STEWART LEE KARLIN
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670